OPINION
On June 4, 1997, the Stark County Grand Jury indicted appellant, Leparts Harmon, on one count of possession of cocaine in violation of R.C. 2925.11. Said indictment stemmed from the execution of a search warrant filed with the Canton Municipal Court on May 29, 1997.
On July 11, 1997, appellant filed a motion to suppress claiming the search warrant lacked probable cause. A hearing was held on July 16, 1997. By judgment entry filed July 21, 1997, the trial court denied said motion.
On July 30, 1997, appellant pled no contest. The trial court found appellant guilty and by judgment entry filed September 2, 1997, the trial court sentenced appellant to three years of conditional community control.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED WHEN OVERRULING DEFENDANT'S MOTION TO SUPPRESS, FINDING THAT THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT CONTAINED SUFFICIENT PROBABLE CAUSE.
 I
Appellant claims the trial court erred in denying his motion to suppress. Appellant claims the affidavit for the search warrant did not contain sufficient evidence to induce a finding of probable cause. We disagree.
To withstand constitutional scrutiny, a search warrant may only be issued upon a showing of probable cause. The standard for determining whether probable cause to believe evidence exists in a particular location is "whether, given all the circumstances set forth in the affidavit * * * there is a fair probability that contraband or evidence will be found in a particular place."Illinois v. Gates (1983), 462 U.S. 213, 238. Our duty is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial court's should accord great deference to the magistrate's determination * * *." State v. George (1989),45 Ohio St.3d 325, paragraph two of the syllabus.
The affidavit sub judice was submitted by Detective Will Adams, a police officer with four years experience. The affidavit contains Detective Adams's personal observations of two controlled buys at the subject residence:
 5. On Friday, May 23, 1997, CI CC [confidential informant] was given the CI warnings and searched for contraband. None was found. He/she was given twenty dollars in U.S. currency which was photocopied and sent to 705 6th St. NW, #207, Canton, Stark County, Ohio to purchase crack cocaine. Officers of the CIU/Vice Unit observed CI CC enter and then exit the residence. CI CC delivered one piece of crack cocaine to the affiant. CI CC stated that he/she purchased the crack cocaine from a black male known as Bay Bay. Detectives did a field test on the crack cocaine and it tested positive for cocaine.
 6. CI CC further states the he/she observed a large knife located on the kitchen table at the residence known as 705 6th St. NW, #207, Canton, Stark County, Ohio where the black male known as Bay Bay sold the crack cocaine.
 7. On Tuesday, May 27, 1997, CI CC was given the CI warnings and searched for contraband. None was found. He/she was given twenty dollars in US currency which was photocopied and sent to 705 6th St. NW, #207, Canton, Stark County, Ohio to purchase crack cocaine. Officers of the CIU/Vice Unit observed CI CC enter and then exit the residence. CI CC delivered one piece of crack cocaine to the affiant. CI CC stated that he/she purchased the crack cocaine from a black male known as Bay Bay. Detectives did a field test on the crack cocaine which tested positive for cocaine.
Detective Adams testified to numerous citizen complaints of possible drug activity at the subject residence and to setting up surveillance on numerous occasions. T. at 5, 7. Detective Adams opined based upon his observations and experience, drug activity was occurring at the residence. T. at 8. Detective Adams initiated the involvement of a confidential informant who he described as reliable. Id. This reliability was based on the confidential informant's ability to produce twenty to thirty good raids in the past nine months. Id.
Appellant argues the affidavit was based on hearsay due to the confidential informant's information that he/she purchased drugs at the residence. We disagree with this characterization because Detective Adams personally observed "drug activity" while conducting surveillance and the "set-ups" for the two controlled buys.
Based upon the numerous citizen complaints, Detective Adams's personal observations and the two controlled buys, we find the trial court did not err in concluding the issuing court had sufficient facts and circumstances to determine that a crime or evidence of a crime would likely be found at the residence.
The sole assignment of error is denied. The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J., Gwin, J. and Hoffman, J. concur.